By the Court.—Barbour, Ch. J.
This action was brought to recover ten thousand dollars damages for the breaking of plaintiff’s leg, and the permanent injury to his health by reason of the alleged negligence and unskillfulness of defendants, by their servant, in throwing on plaintiff a bale of cotton while he was engaged, on behalf of the owner or consignee, in receiving a quantity of cotton from defendants, who were proprietors of the Merchants’ Steamship Line, and which cotton was then being discharged and delivered by them. The complaint was dismissed at the trial, upon the closing of the plaintiff’s proofs, and the matter is brought here by an appeal from the judgment entered thereupon.
The only question presented by counsel upon the hearing is whether the evidence was sufficient to authorize a finding by the jury that the injury to the plaintiff was occasioned by the negligence or want of care of the defendants’ clerk while engaged in one of the acts of his employment as such clerk.
The evidence showed that just previous to, and at the time of the accident, the plaintiff was in the act of lifting a bale of cotton upon a cart, and was in a stooping position with one of his legs extended to the rear, and that, while in that position, a bale of cotton fell upon his extended leg and foot and broke the former; that the bale so falling was one of a row of cotton bales which were standing upon their ends behind or near the plaintiff, and that, immediately before the fall, the clerk was engaged in taking the marks of that row of bales. One of the witnesses testified as follows:
“ There was some of the cotton standing on its head and some lay down ; when Courtney got hurt there was a row of cotton on the lef fcffiand side of the bulkhead that ran parallel with West-street; he had his right foot out, going to heave the bale; I was in the center, and I saw Mr. Hand standing between two *531 bales ; it looked to me as if he was looking for marks on the bale. He put his hand on the bale and the bale fell oyer.” “Mr. Hand” (the clerk) “put his hand on the bale and it went over ; it threw Mr. Courtney over.” “I saw Mr. Hand on the other side of the bale; my face was looking at him ; as far as I could judge, he was looking at the marks ; it looked to me as if he was looking for marks, and he threw the bale over that way.” The same witness was asked, “ What did Mr. Hand say at the moment of the accident ? ” The defendant objected to the question, but it was admitted as relating to the res gestee, and the witness answered, “ He said he was sorry; that it was carelessness on his part; he did not think of himself.”
Upon this evidence, which was wholly uncontradicted, we think the jury might properly have arrived at the conclusion that the handling of that standing bale by the clerk in such a manner as to cause it to fall upon the plaintiff was an act of negligence for which the defendant was responsible. The court erred, therefore, in dismissing the complaint.
The judgment should be reversed and a new trial granted, with costs.